NO. 07-05-0387-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2006
_____

DOUGLAS D. COX,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,333; HON. JIM BOB DARNELL, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Douglas D. Cox (appellant) appeals his conviction for theft from a person 65 or over. After granting appellant a prior extension, his brief was due no later than April 17, 2006 (a date requested by appellant's counsel). No brief has been received by this court. Nor has appellant explained the delay.

Consequently, we abate the appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court

shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; and,

2. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before May 25, 2006. Should additional time be needed to perform these tasks, the trial court may request same on or before May 25, 2006.

It is so ordered.

Per Curiam

Do not publish.

2